**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-20165
Summary Calendar
_____

LOUIS A. CARRIER,

Plaintiff-Appellant,

VERSUS

DR. ROD PAIGE, PAUL OFIELD, AND
THE HOUSTON INDEPENDENT SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1748)
_____

September 24, 1998

Before DAVIS, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Louis A. Carrier appeals the district court's grant of summary judgment on his claims of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq., and retaliation under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. §§ 21.001 et seq. The district court held that Carrier failed to set forth evidence of a "disability" under the ADA, or of a causal connection between participation in a protected activity and an adverse employment decision under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

TCHRA. For the reasons set forth below, we AFFIRM.

**I.**

Plaintiff Carrier has been an employee of Defendant The Houston Independent School District ("HISD") since 1963. In 1976, he became principal of the Houston Night High School ("HNHS"). As principal of HNHS, Carrier reported to Defendant Paul Ofield, who has been Deputy Superintendent of Alternative Schools for HISD since 1991. One of Ofield's duties is evaluating the administrators of HNHS.

In February 1993, Ofield conducted a year-end assessment of Carrier that covered the period from September 1992 through February 1993. Following an assessment conference, Ofield completed an evaluation form documenting Carrier's job performance during the period in question. Carrier received performance ratings of either "meets expectations" or "below expectations" in each category listed on the evaluation form.

Additionally, in the section of the evaluation form entitled "Career Potential-Narrative," Ofield wrote, "Because of health and school related problems, it might be in Mr. Carrier's best interest to consider retirement at the end of the 1993-94 school year." At the time of the evaluation, Carrier was suffering from sleep apnea, a sleeping disorder characterized by interrupted breathing. It is unclear whether Ofield knew of this disorder prior to the assessment conference. Following this evaluation, Carrier received a one-year renewal contract as principal of HNHS.

Carrier filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in October 1993,

2

alleging that HISD had discriminated against him on the basis of a false perception of disability by granting him only a one-year renewal contract rather than a three-year renewal contract.

In June 1995, Carrier was reassigned as Assistant Principal of the Contemporary Learning Center for the 1995-96 school year. Carrier filed a second charge of discrimination with the EEOC, alleging that HISD was retaliating against him for bringing the 1993 charge.

In May 1996, Carrier brought the present action, alleging discrimination under the ADA and retaliation under the TCHRA. Defendants brought a motion for summary judgment, which the district court granted. Carrier timely appealed.

## II.

This Court reviews a grant of summary judgment de novo, as if it were the district court itself. See Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1996). Summary judgment is therefore appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Once a proper motion for summary judgment has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## III.

In order to establish a prima facie case of disability

discrimination under the ADA, a plaintiff must show that he 1) had a "disability" within the meaning of the ADA, 2) was qualified, with or without accommodation, for the position in question, 3) was subject to an adverse employment action, and 4) was replaced by a non-disabled person or was treated less favorably than non-disabled persons. See Burch v. Coca-Cola Co., 119 F.3d 305, 320 (5th Cir. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 871 (1998).

The ADA defines "disability" as follows:

The term 'disability' means, with respect to an individual--

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

> (B) a record of such an impairment; or

> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

The district court held that Carrier provided "no evidence that he had an impairment that substantially limited a major life activity or that Defendants regarded him as having such an impairment." Order at 4. Carrier argues on appeal that he alleged a "reverse disability claim" and that the district court thus erred in requiring evidence of a disability. We disagree.

Carrier offers no authority for the proposition that the ADA creates a cause of action for "reverse disability discrimination," nor is there any language in the ADA providing for such a cause of action. It is clear from the Appellant's Brief that what Carrier is actually asserting is a disability discrimination claim under a

perceived disability theory, pursuant to 42 U.S.C. § 12102(2)(C).[2] As such, Carrier is obliged to set forth specific facts showing that Defendants perceived an impairment and treated the perceived impairment as substantially limiting one or more of Carrier's major life activities. See E.E.O.C. v. Texas Bus Lines, 923 F. Supp. 965, 975 (S.D. Tex. 1996).

We agree with the district court that Carrier has failed to meet his burden. The only evidence he has offered to show that Defendants regarded him as impaired is the evaluation form containing the note about Carrier's health problems, and the evidence that he dozed periodically in staff meetings. Construing this evidence in the light most favorable to Carrier, it may be sufficient to show that Defendants perceived some impairment, but remains insufficient to show that Defendants treated the perceived impairment as substantially limiting one or more of Carrier's major life activities. Indeed, the fact that Defendants continued to employ Carrier as a principal and as an assistant principal for years after his health problems were noted by Ofield directly contradicts that conclusion.

In addition, Defendants have articulated a legitimate, nondiscriminatory reason for their decision to extend Carrier a one-year contract rather than a three-year contract: that the decision was based on then-Superintendent Frank Petruzielo's recommendation to extend only one-year renewal contracts to

---

[2] "The District Court correctly stated that Plaintiff's ADA claim is based on Defendants' effort to remove him 'because of perceived health problems.' Plaintiff alleged that he was not suffering from health problems and that is why he filed the original discrimination charge." Appellant's Brief at 10.

administrators such as Carrier whose ratings were "meets expectations" or "below expectations" on their year-end evaluations.

Where a legitimate, nondiscriminatory reason for an employment decision is articulated, the burden shifts to the person alleging discrimination to show that the articulated reason was pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Carrier has failed to set forth any evidence, other than his subjective opinion, tending to show that HISD's following of Petruzielo's recommendation in this case was a pretext for disability discrimination. Subjective speculation is insufficient once a legitimate, nondiscriminatory reason for the employment decision has been articulated. See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996).

## IV.

The burdens of proof applicable under the TCHRA are determined by reference to federal case law interpreting Title VII. See Schroader v. Texas Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991). In order to establish a prima facie case of retaliation under the TCHRA, therefore, a plaintiff must show 1) that he engaged in a protected activity, 2) that an adverse employment action followed, and 3) that there was a causal connection between the activity and the adverse action. See Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 554 (5th Cir. 1997).

The district court held that Carrier failed to set forth facts showing a causal link between his participation in a protected activity (filing an EEOC claim) and the adverse employment decision

against him (demotion to assistant principal). On appeal, Carrier points to three pieces of evidence: 1) a memorandum by Carrier relating a conversation he had with a third party who told him of a conversation with a fourth party in which it was revealed that Ofield was "out to get" Carrier; 2) Ofield's deposition testimony that he took Carrier's employment discrimination charge personally; and 3) Carrier's demotion and reassignment to another school following his filing of the 1993 discrimination charge. We agree with the district court that this evidence is insufficient to show a causal connection between the protected activity and the adverse employment decision.

The memorandum that Ofield was "out to get" Carrier is unauthenticated and multiple hearsay not falling within any exception, and as such is unreliable and inadmissible under FED. R. EVID. 801, 802, and 901. It cannot be considered on summary judgment.

The deposition evidence that Ofield "took it personally" when a discrimination charge was filed against him and the evidence that Carrier was demoted almost two years after he filed the discrimination charge also does not suffice to show any connection between the protected activity and the adverse employment decision. See generally Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1092 (5th Cir. 1995) (holding that a disciplinary suspension following several years of protected activity was not inherently suspicious).

For the reasons set forth above, we conclude that the district court correctly granted the Defendants' motion for summary judgment, and we AFFIRM the judgment of the district court.